UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO RENE ARREGUIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. JIMENEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01575-CDB (PC)<br><br>***REVISED* ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**21-DAY DEADLINE** |

Plaintiff Mario Rene Arreguin is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

**RELEVANT PROCEDURAL BACKGROUND**

Plaintiff filed his complaint with this Court on December 7, 2022. (Doc. 1.) That same date, Plaintiff filed an Application to Proceed In Forma Pauperis by Prisoner. (Doc. 2.)

On December 7, 2022, this Court issued its First Informational Order In Prisoner/Civil Detainee Civil Rights Case. (Doc. 4.)

On December 9, 2022, the undersigned issued an Order to Show Cause (OSC) Why Action Should Not Be Dismissed for Failure to Exhaust Administrative Remedies. (Doc. 5.) Plaintiff was afforded 21 days within which to respond to the OSC. (*Id*.) That same date, the Court also issued its Order Granting Application to Proceed In Forma Pauperis (IFP) and Order Directing Payment of Inmate Filing Fee by California Department of Corrections. (Doc. 7.)

1    On December 19, 2022, the OSC was returned by the United States Postal Service marked "Undeliverable." (Docket Entry Dated 12/19/22.) There is no indication, however, that the Order granting IFP status was returned by the postal service.

On December 23, 2022, Plaintiff filed a Notice of Change of Address. (Doc. 8.) Plaintiff did not enter information in the "OLD ADDRESS" section of the form; rather, he completed the "NEW ADDRESS" section of the form, indicating the address already on file with the Court, to wit: California Men's Colony State Prison, P.O. Box 8101, San Luis Obispo, CA 93408-8101. (*Cf.* Doc. 1 to Doc. 8 [same addresses provided].)[1]

Despite Plaintiff's apparently unchanged address, it is clear Plaintiff did not receive the OSC issued on December 9, 2022, because that document was returned to the Court. Therefore, the Court issues this revised OSC and provides Plaintiff the opportunity to respond in writing.

**DISCUSSION AND ORDER**

In his complaint, Plaintiff indicates that he has not appealed his grievances or requests for relief to the highest level for any of his three claims. (*See* Doc. 1 at 3-5.)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

//

---

[1] The Court may take judicial notice of public information stored on the CDCR inmate locator website. *See In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F.Supp.2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records). The CDCR's Inmate Locator website, accessed January 3, 2023, reflects Plaintiff is currently housed at the California Men's Colony.
https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=BS8048

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state-inmate grievances are subject to two levels of review. *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1). Prisoners must generally receive a disposition from the second level of review before administrative remedies are deemed exhausted. *See id.* §§ 3483(m)(1), 3486(m), 3999.226(h); *but see id.* § 3483(m)(2).

In general, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Here, it is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Accordingly, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this order, to show cause in writing why this action should not be dismissed for his failure to exhaust. Alternatively, Plaintiff may file a notice of voluntary dismissal.

**Failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **January 4, 2023**                                    _____
                                                                                    UNITED STATES MAGISTRATE JUDGE