1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

MARIO RENE ARREGUIN,

Case No. 1:22-cv-01575-CDB (PC)

12

Plaintiff,

13

v.

**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FAILURE TO OBEY COURT ORDER**

14

A. JIMENEZ, et al.,

15

Defendants.

Clerk of the Court to Assign District Judge

16
17

**14-DAY DEADLINE**

18

Plaintiff Mario Rene Arreguin is a state prisoner proceeding *pro se* and *in forma pauperis*

19

in this civil rights action.

20

**I.       RELEVANT PROCEDURAL BACKGROUND**

21

Plaintiff filed his complaint with this Court on December 7, 2022. (Doc. 1.)

22

On December 7, 2022, this Court issued its First Informational Order In Prisoner/Civil

23

Detainee Civil Rights Case. (Doc. 4.)

24

On December 9, 2022, the undersigned issued an Order to Show Cause (OSC) Why

25

Action Should Not Be Dismissed for Failure to Exhaust Administrative Remedies. (Doc. 5.)

26

Plaintiff was afforded 21 days within which to respond to the OSC. (*Id*.)  That same date, the

27

Court also issued its Order Granting Application to Proceed In Forma Pauperis (IFP) and Order

28

Directing Payment of Inmate Filing Fee by California Department of Corrections. (Doc. 7.)

On December 19, 2022, the OSC was returned by the United States Postal Service marked "Undeliverable." (Docket Entry Dated 12/19/22.) There is no indication, however, that the Order granting IFP status was returned by the postal service.

On December 23, 2022, Plaintiff filed a Notice of Change of Address. (Doc. 8.) Plaintiff did not enter information in the "OLD ADDRESS" section of the form; rather, he completed the "NEW ADDRESS" section of the form, indicating the address already on file with the Court, to wit: California Men's Colony State Prison, P.O. Box 8101, San Luis Obispo, CA 93408-8101. (*Cf*. Doc. 1 to Doc. 8 [same addresses provided].)

On January 4, 2023, this Court issued its Revised Order to Show Cause (Revised OSC) Why Action Should Not Be Dismissed for Failure to Exhaust Administrative Remedies. (Doc. 10.)  Plaintiff was again afforded 21 days within which to respond to the Revised OSC. (*Id*. at 3.) Unlike the earlier Order to Show cause, the Revised OSC was not returned undeliverable and, hence, the Court presumes Plaintiff is in receipt of the Revised OSC.

The time for responding to the Revised OSC has now passed and Plaintiff has failed to respond in writing or to file a notice of voluntary dismissal.

## II.    DISCUSSION

In failing to respond to the Revised OSC, Plaintiff is failing to prosecute this action and to obey a court order.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Plaintiff's failure to respond to this Court's Revised OSC weighs in favor of dismissal. As stated in the Revised OSC, it appears from the face of his complaint that Plaintiff has failed to

exhaust his administrative remedies prior to filing suit on December 7, 2022. A prisoner plaintiff is required to exhaust his administrative remedies prior to filing suit pursuant to the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(a). And a court may dismiss a claim if failure to exhaust is clear on the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). In his complaint, Plaintiff indicates he has not appealed his grievances or requests for relief to the highest level for any of his three claims. (*See* Doc. 1 at 3-5.) Therefore, the Revised OSC directed Plaintiff "to show cause in writing why this action should not be dismissed for his failure to exhaust. Alternatively, Plaintiff may file a notice of voluntary dismissal." (*See* Doc. 10 at 3.) Plaintiff was given 21 days from the date of service of the order—January 4, 2023—within which to respond. (*Id*.) Plaintiff has failed to file a written response and/or a notice of voluntary dismissal. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, may weigh in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Here, however, a risk of prejudice to defendant does not weigh heavily in favor of dismissal where no defendant has appeared in this action and the case has been pending for just under two months. Thus, the Court finds this third factor does not weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has stopped moving this case forward toward disposition on the merits by failing to respond in any way to the Revised OSC. Moreover, where it appears the claims presented in the complaint are not exhausted, there is little chance of the case moving forward. Thus, the Court finds the fourth factor weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik v. Bonzelet*, 963

F.2d 1258, 1262 (9th Cir. 1992). In the Revised OSC, Plaintiff was warned as follows: "**Failure to comply with this order will result in a recommendation that this action be dismissed**." (*See* Doc. 10 at 3.) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with a Court order. Therefore, the fifth factor weighs also in favor of dismissal. *Ferdick*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, considering the five factors at issue, the undersigned finds those factors weigh in favor of dismissal. *In re PPA*, 460 F.3d at 1226.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute, failure to exhaust his administrative remedies as required by the PLRA as is clear on the face of his complaint, and for a failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __January 31, 2023__                    _____
                                                 UNITED STATES MAGISTRATE JUDGE